UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| NALCO COMPANY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 14-cv-2510 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| CHEM-MOD, LLC; | ) | |
| ARTHUR J. GALLAGHER & CO.; and | ) | |
| GALLAGHER CLEAN ENERGY, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Nalco Company ("Nalco") has brought this action alleging patent infringement against Defendants Chem-Mod, LLC ("Chem-Mod"); Arthur J. Gallagher & Co. ("AJG"); and Gallagher Clean Energy, LLC ("GCE"). Defendants have moved to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. For the reasons discussed below, Defendants' Motion [25] is granted. The First Amended Complaint is dismissed without prejudice.

## BACKGROUND

The following is taken from the First Amended Complaint ("FAC"), which is assumed to be true for purposes of a motion to dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Nalco is a provider of air protection technologies. (FAC ¶ 11.) Nalco is the exclusive licensee of U.S. Patent 6,808,692 (the "692 Patent"), which teaches a method for that reducing mercury emissions from flue gases evolved during the combustion of coal. (*Id.* ¶¶ 12-13.) The 692 Patent was issued by the United States Patent & Trademark Office

("USPTO") on October 26, 2004, and reexamined by the USPTO in April 2014. (FAC ¶ 14.)
Specifically, Claim 1 of the 692 Patent teaches:

> A method of treating coal combustion flue gas containing mercury, comprising: injecting a bromide compound that is a thermolabile molecular bromine precursor into said flue gas to effect oxidation of elemental mercury to a mercuric bromide and providing alkaline solid particles in said flue gas ahead of a particulate collection device, in order to absorb at least a portion of said mercuric bromide.

(*See, e.g.,* FAC, Ex. A at 10, cl.1.)

According to Nalco, Defendants have infringed the 692 Patent through their use, licensing, sale, and offer of a coal additive system known as "Chem-Mod™ Solution." (FAC ¶¶ 17, 26, 31.) Chem-Mod™ Solution is a method of treating coal combustion flue gas that comprises dual injection of two additives, "MerSorb" and "S-Sorb," which contain calcium bromide and lime. (*Id.* ¶ 17.) The additives are mixed with the coal when the coal is on the feed belts and before the coal is fed into the furnace of power plants for burning. (*Id.*) The additives "react with the contaminant gases" and "are used to absorb toxic gases such as mercury . . . that are emitted during the combustion of coal." (FAC ¶ 17; Ex. B at 2.)

Nalco alleges that Chem-Mod™ Solution practices each and every step of Claim 1 of the 692 Patent. (*Id.* ¶¶ 17-18.) In its three-count Amended Complaint, Nalco asserts claims for direct infringement, inducement of infringement, and contributory infringement. (*Id.* ¶¶ 20-21, 25-26, 31-32.)

**LEGAL STANDARD**

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). When ruling on a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in favor of the plaintiff. *Tamayo*, 526 F.3d at 1081.

## ANALYSIS

### *Direct Infringement*

Defendants argue that Nalco has failed to state a claim for direct infringement because Nalco's allegations do not establish "use" of the 692 Patent, and further, because the patented method is different from the accused Chem-Mod™ Solution. Nalco responds that it has sufficiently alleged direct infringement and that Defendants' arguments are a premature attempt at claim construction.[1]

#### "Use" of a Method Patent

35 U.S.C. § 271(a) defines patent infringement, in pertinent part, as follows: "whoever without authority makes, uses, offers to sell, or sells any patented invention[ ] within the United States . . . infringes the patent." 35 U.S.C. § 271(a). Defendants argue that the 692 Patent is a "method patent" (a patent on a process) and can be infringed only by "use" of that

---

[1] On January 13, 2015, Nalco was granted leave to file a sur-reply. As stated on the record, the Court has not considered any new arguments raised by Nalco in its sur-reply. Specifically, Nalco has attached to its sur-reply its LPR 2.2 Initial Infringement Contentions ("IICs"). These Contentions are not properly submitted for the Court's consideration of Defendants' Motion to Dismiss and have been disregarded.

method under Federal Circuit law. Defendants contend that Nalco's allegations establish licensing and sale, but not use, of the 692 Patent. Nalco does not dispute that the 692 Patent is a method patent, but counters that its allegations are sufficient to establish infringement under Section 271 and that the Federal Circuit has not established that "use" is required to infringe a method patent.

In support of their argument, Defendants cite the Federal Circuit decision, *NTP, Inc. v. Research In Motion*, 418 F.3d 1282, 1319 (Fed. Cir. 2005). However, the Federal Circuit in that case specifically *declined* to make the holding that Defendants attribute to it, stating clearly that: "We need not and do not hold that method claims may not be infringed under the 'sells' and 'offers to sell' prongs of section 271(a)." *Id.* at 1320-21. Likewise, the other case cited by Defendants, *Ricoh Co. v. Quanta Computer, Inc.*, 579 F. Supp. 2d 1110, 1123 (W.D. Wis. 2007), was vacated and remanded in part by the Federal Circuit, which again declined to definitively rule whether selling or offering to sell a patented process infringes the patent. *See Ricoh Co. v. Quanta Computer Inc.*, 550 F.3d 1325, 1335 (Fed. Cir. 2008) ("As did the court in *NTP*, we conclude that we need not definitively answer this question to conclude as a matter of law that Quanta did not sell or offer to sell the invention covered by Ricoh's method claims.").

Accordingly, as Nalco correctly argues, the Federal Circuit has left open the question whether a method patent can be infringed under Section 271(a) by selling or offering to sell the process covered by the patent. *See NTP, Inc.*, 418 F.3d 1319; *see also In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1332 (Fed. Cir. 2012) ("We need not decide whether a method patent can be directly infringed by offering to sell the patented method in order to resolve this appeal"). Indeed, some courts following *NTP* have held that 271(a) does apply to selling or offering to sell a patented method. *See, e.g., CLS Bank Int'l v.*

4

*Alice Corp. Pty.*, 667 F. Supp. 2d 29, 37 (D.D.C. 2009) ("Thus, the Court finds that one who "sells" or "offers to sell" each and every step of a patented method infringes the patent."); *Optigen, LLC v. Int'l Genetics, Inc.*, 777 F. Supp. 2d 390, 403 (N.D.N.Y. 2011) (rejecting defendant's argument that "sells" and "offers to sell" language in Section 271(a) does not apply to method patents). Furthermore, reading the allegations in favor of Nalco as required, Nalco has, in fact, alleged "use" of the 692 Patent. (*See* FAC ¶ 17.) Defendants' argument on this point is unpersuasive and rejected.

Differences Between the 692 Patent and Chem-Mod<sup>TM</sup> Solution

Defendants next argue Nalco fails to state a claim for direct infringement because the 692 Patent differs from the accused process, Chem-Mod<sup>TM</sup> Solution. A copy of the 692 Patent is attached to the FAC as Exhibit A and states that the 692 Patent is "a method of treating coal combustion flue gas . . . , by injecting a bromide compound . . . into said flue gas." (FAC, Ex. A at 10, cl. 1; *see also* FAC ¶ 14.) In contrast, Chem-Mod<sup>TM</sup> Solution "comprises dual injection of two additives on the coal feed belts of coal burning power generation stations before the coal is fed into a coal combustion process." (FAC ¶ 17.) Further, according to Exhibit C, Chem-Mod<sup>TM</sup> Solution is "an alternative" to "inject[ing] powdered activated carbon . . . into the exhaust pipes of a coal furnace." (FAC, Ex. C at 52.)

To infringe a method patent, every step of the method must be performed. *See Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S. Ct. 2111, 2117 (2014) ("A method patent claims a number of steps; under this Court's case law, the patent is not infringed unless all the steps are carried out."). Here, Nalco's own allegations and attached exhibits contradict that the Chem-Mod<sup>TM</sup> Solution directly infringes the method patent found in the 692 Patent. The 692 Patent involves injecting chemicals into flue gas after the coal has been burned, whereas the

Chem-Mod™ Solution is a method that adds sorbents to cold coal when it is on the coal feed belts and before it is combusted. Thus, according to the FAC itself, the 692 Patent differs from the Chem-Mod™ Solution in both when it is applied (after the coal is burned vs. before the coal is burned) and how it is applied (injected into the flue gas vs. mixed with cold coal).[2]

Although Nalco argues that dismissal should be postponed until after claim construction, Nalco must plead a plausible case of patent infringement to survive a Rule 12(b)(6) motion. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007) ("A motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question not pertaining to patent law."); *see also Gharb v. Mitsubishi Elec. Automation, Inc.*, No. 10 C 07204, 2012 WL 1986435, at *7-8 (N.D. Ill. June 4, 2012) (dismissing patent infringement claim pursuant to 12(b)(6), where the complaint and its attached exhibits contradicted that patent was infringed). Because Nalco has not done so, its claim for direct infringement must be dismissed.

*Indirect Infringement*

Defendants also argue that Nalco's two claims for indirect infringement, inducement of infringement and contributory infringement, should be dismissed. To state a claim for inducement of infringement, the patentee must establish "first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Broadcom Corp. v. Qualcomm, Inc.*, 543 F.3d 683, 697-98 (Fed. Cir. 2008). Since Nalco has failed to sufficiently allege direct infringement, its claim for inducement of infringement under Section 271(b) must

---

[2] In its response brief, Nalco suggests, for the first time, that the Chem-Mod™ Solution may also be applied in a different manner than that pleaded in Nalco's Amended Complaint. *See* Pl.'s Resp. Br. at 8. As Nalco has not properly alleged facts in its Amended Complaint supporting this argument, it has been disregarded.

also be dismissed. *See Limelight Networks, Inc.,* 134 S.Ct. at 2117 ("where there has been no direct infringement, there can be no inducement of infringement under § 271(b)").

Similarly, for contributory infringement, Nalco must allege direct infringement and that the Defendants knew that the combination of its components "was both patented and infringing [with] no substantial non-infringing uses." *Lucent Techs., Inc. v. Gateway, Inc*., 580 F.3d 1301, 1320 (Fed. Cir. 2009) (internal citations omitted); *see also* 35 U.S.C. § 271(c). Thus, as with its inducement claim, Nalco's claim for contributory infringement under Section 271(c) must be dismissed because Nalco has not sufficiently alleged direct infringement.

## CONCLUSION

For the reasons discussed below, Defendants' Motion [25] is granted. Nalco's Amended Complaint is dismissed without prejudice. Nalco is granted leave to amend, if it can do so pursuant to Rule 11, within thirty days of this Order.

Date:February 4, 2015
JOHN W. DARRAH
United States District Court Judge