UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NALCO COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-cv-2510 |
| | ) | |
| CHEM-MOD, LLC; ARTHUR J. GALLAGHER & CO.; | ) | Judge John W. Darrah |
| GALLAGHER CLEAN ENERGY, LLC; | ) | |
| AJG COAL, INC.; AJG IOWA REFINED COAL LLC; | ) | |
| MANSFIELD REFINED COAL LLC; | ) | |
| COPE REFINED COAL LLC; | ) | |
| CROSS REFINED COAL LLC; | ) | |
| JEFFERIES REFINED COAL LLC; | ) | |
| JOPPA REFINED COAL LLC; | ) | |
| THOMAS HILL REFINED COAL LLC; | ) | |
| WAGNER COALTECH LLC; | ) | |
| WALTER SCOTT REFINED COAL LLC; | ) | |
| WINYAH REFINED COAL LLC; | ) | |
| BEDFORD MIX LLC; | ) | |
| BRANDON SHORES COALTECH LLC; | ) | |
| CANADYS REFINED COAL, LLC; | ) | |
| CORONADO REFINED COAL LLC; | ) | |
| FRM TRONA FUELS LLC; | ) | |
| FRM VIRGINIA FUELS LLC; | ) | |
| GEORGE NEAL NORTH REFINED COAL LLC; | ) | |
| GEORGE NEAL REFINED COAL LLC; | ) | |
| LOUISA REFINED COAL, LLC; | ) | |
| REFINED FUELS OF ILLINOIS, LLC; and | ) | |
| BELLE RIVER FUELS COMPANY, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Nalco Company ("Nalco") filed a Third Amended Complaint against

Defendants Chem-Mod, LLC ("Chem-Mod"); Arthur J. Gallagher & Co. ("A.J. Gallagher");

Gallagher Clean Energy, LLC ("Gallagher Clean Energy"); AJG Coal, Inc. ("AJG Coal"); and

21 limited liability companies named: AJG Iowa Refined Coal LLC; Mansfield Refined Coal

LLC; Cope Refined Coal LLC; Cross Refined Coal LLC; Jefferies Refined Coal LLC; Joppa Refined Coal LLC; Thomas Hill Refined Coal LLC; Wagner Coaltech LLC; Walter Scott Refined Coal LLC; Winyah Refined Coal LLC; Bedford Mix LLC; Brandon Shores Coaltech LLC; Canadys Refined Coal, LLC; Coronado Refined Coal LLC; FRM Trona Fuels LLC; FRM Virginia Fuels LLC; George Neal North Refined Coal LLC; George Neal Refined Coal LLC; Louisa Refined Coal, LLC; Refined Fuels of Illinois, LLC; and Belle River Fuels Company, LLC (collectively "Refined Coal LLCs"). The Complaint alleges patent infringement of United States Patent No. 6,808,692 (the "692 Patent"), entitled "Enhanced Mercury Control in Coal-Fired Power Plants." Defendants previously moved to dismiss Nalco's First Amended Complaint ("FAC"). On February 4, 2015, Defendants' Motion was granted, and Plaintiff's First Amended Complaint was dismissed without prejudice. On April 24, 2015, Plaintiff filed a Third Amended Complaint ("TAC"). Defendants filed Motions to Dismiss [68, 89] Plaintiff's Third Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. For the reasons set forth below, the Motions are granted.

## BACKGROUND

The following is taken from the Third Amended Complaint, which is assumed to be true for purposes of a motion to dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Nalco is the exclusive licensee of the 692 Patent, which claims a method to reduce mercury emission from flue gases evolved during the combustion of coal. The 692 Patent was issued by the United States Patent & Trademark Office ("USPTO") on October 26, 2004, and reexamined by the USPTO in April, 2014. Claim 1 of the 692 Patent is directed to:

> A method of treating coal combustion flue gas containing mercury, comprising: injecting a bromide compound that is a themolabile molecular bromine precursor into said flue gas to effect oxidation of elemental mercury to a mercuric bromide

2

    and providing alkaline solid particles in said flue gas ahead of a particulate
    collection device, in order to absorb at least a portion of said mercuric bromide.

(TAC Exh. 1.) The TAC alleges that Defendants infringed the 692 Patent through their use, licensing, sale, and offer of a coal additive system known as "Chem-Mod Solution." Chem-Mod Solution is a method of treating coal combustion flue gas containing mercury. (TAC ¶ 24.) In the Chem-Mod Solution, a proprietary additive, MerSorb, is mixed with coal when it is on feed belts before the coal is fed into power plant furnaces for burning. (TAC ¶ 26.) The mixture of coal and MerSorb (the "Chem-Mod Solution Mixture") is pulverized and injected into a coal-fired power plant via coal injectors. (TAC ¶ 27.) The Chem-Mod Solution also incorporates the use of an additive called S-Sorb, which can be added at various locations in the coal-fired power plant. S-Sorb can be added to the mixture of coal and MerSorb prior to injection, to the upper level of the furnace, and/or to ash on the ash refiring distribution line. (TAC ¶ 30.) The two additives react with elemental mercury in coal combustion flue gas and effect the oxidation of elemental mercury to mercuric bromide (TAC ¶ 32.) The mercuric bromide adsorbs onto alkaline solid particles in the coal combustion flue gas, allowing mercury to be removed with the solid particles. (TAC ¶ 33.)

  Nalco alleges that Defendants directly infringe the 692 Patent through their use of the Chem-Mod Solution and/or through their control and direction of entities that have used the Chem-Mod Solution. Nalco also alleges that Defendants indirectly infringe the 692 Patent by inducing and contributing to the infringing use of the Chem-Mod Solution by others. Similar to the FAC, the TAC asserts claims for direct infringement, indirect infringement, and contributory infringement. Defendants filed two separate motions to dismiss. The Refined Coal LLCs join the arguments made by the other Defendants, thus both motions will be addressed here.

3

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists when the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). When ruling on a motion to dismiss, the court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in favor of the plaintiff. *Tamayo*, 526 F.3d at 1081.

A direct infringement claim that meets or exceeds Form 18 of the Federal Rules of Civil Procedure meets Rule 8's "short and plain statement" requirement. *In re Bill of Lading*, 681 F.3d 1323, 1332 (Fed. Cir. 2014). Form 18 requires:

> (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

*Bill of Lading*, 681 F.3d at 1334.

## ANALYSIS

As a preliminary matter, Nalco argues at length that Defendants' qualification for Section 45 tax credits proves that the Refined Coal LLCs direct and control the injection of the

Chem-Mod Mixture into an operating coal furnace and the alleged infringement of the 692 Patent. Nalco contends that the regulations governing Section 45 tax credits require that the Chem-Mod Solution Mixture be sold to a power plant operator by a third party (here, the Refined Coal LLCs) and then be used in combustion to produce steam through injection into coal combustion flue gas in an operating coal furnace.

Section 45 tax credits are obtained by selling refined coal to an unrelated person with the reasonable expectation that it will be used for the purpose of producing steam. 26 U.S.C. § 45(a)(2)(B), 45(c)(7)(A). The tax code requirements focus on the production and sale of refined coal suitable for qualified use and require reasonable expectation as to that use. Defendants are not required to inject any substance into flue gas or practice any other specific process in order to qualify for Section 45 tax credits. The requirements of a Section 45 tax credit do not automatically equate to the elements required for patent infringement. Any argument that compliance with Section 45 of the tax code is evidence that Defendants direct and control the infringement of a patent in this case is unpersuasive and unconvincing.

*Direct Infringement*

Defendants argue that Nalco's claims of direct infringement must be dismissed because the Chem-Mod Solution cannot infringe because it is a different method for reducing mercury pollution than the process claimed in the 692 Patent. Defendants further argue that the TAC fails to allege that any Defendant is responsible for all steps of the patent. Nalco argues that Defendants' argument is "based on an improper construction of the claims of the 692 Patent" and that the claims of the patent are not restricted to Defendants' interpretation. As in its response to Defendants' motion to dismiss Nalco's FAC, Nalco responds that it has sufficiently alleged

direct infringement and that Defendants' arguments are a premature attempt at claim construction.

Nalco argues that the claims of the 692 Patent do not provide when the step of "injecting a bromide compound . . . into said flue gas" must be performed, how the injection must be conducted, or the specific mechanism by which or location within the coal-fired power plant at which the injecting must occur. (TAC ¶¶ 18, 29, 20.) The previous order in this case dismissed Nalco's claims because the allegations in the FAC and attached exhibits showed that the 692 Patent differed from the Chem-Mod Solution in both when it is applied (after the coal is burned vs. before the coal is burned) and how it is applied (injected into the flue gas vs. mixed with cold coal). In the TAC, Nalco argues that the Chem-Mod Solution infringes on the 692 Patent by comparing and equating the steps of the Chem-Mod Solution to the steps of the method claimed in the 692 Patent. In the Chem-Mod Solution, a bromide compound, MerSorb, is injected via coal injectors into a coal-fired power plant furnace. In its response to Defendants' Motion, Nalco argues that when a coal furnace is operating, the furnace contains the gaseous products of coal combustion, or coal combustion flue gas. However, there is no support for this allegation in the TAC. The TAC refers to a process flow diagram that shows the addition of MerSorb to the coal in three different locations: (1) on the coal feed belt before it reaches the coal bunker; (2) between the coal bunker and the coal feeder; and (3) in the coal feeder before the coal is pulverized. (TAC ¶ 27; Exh. B.) In all three of those locations, the MerSorb and coal mixture is added to the process prior to coal combustion. Thus, the additives used in the Chem-Mod Solution are introduced prior to any interaction with coal combustion flue gas and are not "injected," as required by the elements of the 692 Patent.

Nalco also argues that it is inappropriate to ask the Court to construe the patent claim at the motion to dismiss stage, citing to *Pragmatus AV, LLC v. Yahoo! Inc.,* No. CIV.A. 11-902-LPS, 2012 WL 6044793 (D. Del. Nov. 13, 2012), to support its argument. (Dkt. 76.) However, the court in *Pragmatus* stated that, "where facts of record at the pleading stage will so clearly and explicitly indicate that an 'undivided' claim of direct infringement cannot stand — in a manner that could not plausibly be challenged at a later claim construction hearing" dismissal will be appropriate, citing *Desenberg v. Google, Inc.,* 392 Fed. App'x 868 (Fed.Cir.2010). *Pragmatus,* 2012 WL 6044793, at *8. Even accepting all well pled allegations as true, the TAC fails to cure the issues leading to the FAC's dismissal and does not establish a claim for direct infringement by the use of the Chem-Mod Solution. Because claims of indirect and willful infringement require proof of direct infringement, those remaining claims are also dismissed.

Even if the TAC adequately pled a claim that the Chem-Mod Solution meets the elements of the 692 Patent, it fails to allege that Defendants are responsible for both preparing the Chem-Mod Solution Mixture and injecting the treated coal into coal combustion flue gas. Defendants contend that no Defendant controls the coal injectors that add the Chem-Mod Solution Mixture to coal combustion flue gas and that all of the steps of the Chem-Mod Solution are not attributable to one actor. To infringe a method patent, performance of all steps of the method must be attributable to a single party. *See Limelight Networks, Inc. v. Akami Techs., Inc.*, 134 S. Ct. 2111, 2117 (2014). "Where more than one actor is involved in practicing the steps, a court must determine whether the acts of one are attributable for the infringement. An entity is responsible for others' performance of method steps in two sets of circumstances: (1) where that entity directs or controls others' performance; and (2) where the actors form a joint enterprise." *Akamai Technologies, Inc. v. Limelight Networks, Inc.*, No. 2009-1372, 2015 WL 4760450, at *1

7

(Fed. Cir. Aug. 13, 2015) (finding that liability under 271(a) can be found if the actor acts through an agent, contracts with another to perform one or more steps of a claimed method, or when an alleged infringer conditions participation in an activity or receipt of a benefit upon performance of a step or steps and establishes the manner or timing of that performance).

The TAC alleges that each of the Refined Coal LLCs operates one or more plants solely for the purpose of preparing the Chem-Mod Solution Mixture and assisting an operator of a coal-fired plant to use the Chem-Mod Solution. (TAC ¶ 21.) Nalco argues that the TAC supports their argument that the Refined Coal LLCs direct and control the infringing acts of coal-fired power plants, by alleging that Defendants participate in a joint enterprise to receive Section 45 tax credits. Nalco alleges that the scheme requires the Refined Coal LLCs to sell the Chem-Mod Solution Mixture to coal-fired power plants at a loss, and then requires those power plants to inject the Chem-Mod Solution Mixture into coal combustion flue gas in order for the Refined Coal LLCs to receive Section 45 tax credits. Again, this argument is unconvincing. The fact that the Refined Coal LLCs receive Section 45 tax credits is not evidence that they direct and control the alleged infringing actions of each coal-fired power plant, and the TAC does not sufficiently support the presence of a joint enterprise. Nalco claims that Defendants direct or control the actions of the coal-fired power plants, but the TAC does not support these allegations.

Nalco also argues that Refined Coal LLCs must test the use of the Chem-Mod Solution in order to qualify for Section 45 tax credits and that during the on-site full scale testing of the Chem-Mod Solution at individual power plants, Defendants control all aspects of the infringing

8

method[1]. (TAC ¶ 53.) While the TAC alleges that Defendants direct on-site full scale testing of the Chem-Mod Solution for the individual coal-fired power plants, it does not allege that this testing constitutes direct infringement of the 692 Patent. As Defendants point out, the TAC does not describe the extent of this testing, whether it involves measurement of emissions, or whether Defendants direct or control the operations of the individual power plant itself. Instead, Nalco merely states Defendants direct on-site full scale testing of the Chem-Mod Solution, and makes this assertion in support of its argument that the Refined Coal LLCs direct and control the individual power plants. Nalco has not pled a plausible case of direct infringement of the 692 Patent, and its claim for direct infringement must be dismissed.

*Indirect Infringement*

To state a claim for inducement of infringement, the patentee must establish "first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Broadcom Corp. v. Qualcomm, Inc.*, 543 F.3d 683, 697-98 (Fed. Cir. 2008). Nalco has failed to sufficiently allege a claim for direct infringement, and even if Nalco had sufficiently stated its claim, it fails to plead intent to cause infringement. Nalco again relies on Defendants' receipt of Section 45 tax credits to support its claim of intent. As noted before, this is unpersuasive. Thus, Nalco's claim for inducement of infringement under Section 271(b) must also be dismissed.

For contributory infringement, Nalco must allege direct infringement and that Defendants "knew that the combination of its components was both patented and infringing with no

---

[1] Nalco asserts, for the first time, that that Refined Coal LLCs' testing of the Chem-Mod Solution in order to ascertain whether they qualify for Section 45 tax credits is direct infringement of the 692 Patent. Nalco has not properly alleged facts in the TAC to support this argument.

9

substantial non-infringing uses." *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009); 35 U.S.C. § 271(c). The TAC fails to adequately claim contributory infringement because it does not plead any facts to support Nalco's argument that MerSorb and S-Sorb have no substantial non-infringing uses. Further, as with its inducement claim, Nalco's claim for contributory infringement must be dismissed because Nalco has not sufficiently alleged direct infringement. Nalco was provided an opportunity to re-plead its allegations but has failed to plead a plausible case of patent infringement. Thus, Nalco's Third Amended Complaint is dismissed without prejudice.

## CONCLUSION

For the reasons set forth above, Defendants' Motions to Dismiss [68, 89] are granted. Nalco's Third Amended Complaint is dismissed without prejudice. Nalco is granted leave to amend, if it can do so pursuant to Rule 11, within thirty days of this Order.

Date:     October 15, 2015                               _____
                                                                                    JOHN W. DARRAH
                                                                                    United States District Court Judge