UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NALCO COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14-cv-2510 |
| | ) |
| CHEM-MOD, LLC; ARTHUR J. GALLAGHER & CO.; | ) Judge John W. Darrah |
| GALLAGHER CLEAN ENERGY, LLC; | ) |
| AJG COAL, INC.; AJG IOWA REFINED COAL LLC; | ) |
| MANSFIELD REFINED COAL LLC; | ) |
| COPE REFINED COAL LLC; | ) |
| CROSS REFINED COAL LLC; | ) |
| JEFFERIES REFINED COAL LLC; | ) |
| JOPPA REFINED COAL LLC; | ) |
| THOMAS HILL REFINED COAL LLC; | ) |
| WAGNER COALTECH LLC; | ) |
| WALTER SCOTT REFINED COAL LLC; | ) |
| WINYAH REFINED COAL LLC; | ) |
| BEDFORD MIX LLC; | ) |
| BRANDON SHORES COALTECH LLC; | ) |
| CANADYS REFINED COAL, LLC; | ) |
| CORONADO REFINED COAL LLC; | ) |
| FRM TRONA FUELS LLC; | ) |
| FRM VIRGINIA FUELS LLC; | ) |
| GEORGE NEAL NORTH REFINED COAL LLC; | ) |
| GEORGE NEAL REFINED COAL LLC; | ) |
| LOUISA REFINED COAL, LLC; | ) |
| REFINED FUELS OF ILLINOIS, LLC; and | ) |
| BELLE RIVER FUELS COMPANY, LLC, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Nalco Company ("Nalco") filed a Fourth Amended Complaint ("4AC") against

Defendants Chem-Mod, LLC ("Chem-Mod"); Arthur J. Gallagher & Co. ("A.J. Gallagher");

Gallagher Clean Energy, LLC ("Gallagher Clean Energy"); AJG Coal, Inc. ("AJG Coal"); and

21 limited liability companies named: AJG Iowa Refined Coal LLC; Mansfield Refined Coal LLC; Cope Refined Coal LLC; Cross Refined Coal LLC; Jefferies Refined Coal LLC; Joppa Refined Coal LLC; Thomas Hill Refined Coal LLC; Wagner Coaltech LLC; Walter Scott Refined Coal LLC; Winyah Refined Coal LLC; Bedford Mix LLC; Brandon Shores Coaltech LLC; Canadys Refined Coal, LLC; Coronado Refined Coal LLC; FRM Trona Fuels LLC; FRM Virginia Fuels LLC; George Neal North Refined Coal LLC; George Neal Refined Coal LLC; Louisa Refined Coal, LLC; Refined Fuels of Illinois, LLC; and Belle River Fuels Company, LLC (collectively "Refined Coal LLCs"). The Complaint alleges patent infringement of United States Patent No. 6,808,692 (the "'692 Patent"), entitled "Enhanced Mercury Control in Coal-Fired Power Plants." Defendants previously moved to dismiss Nalco's First Amended Complaint ("FAC"). On February 4, 2015, Defendants' Motion was granted, and Plaintiff's First Amended Complaint was dismissed without prejudice. On April 24, 2015, Plaintiff filed a Third Amended Complaint ("TAC"). Defendants filed Motions to Dismiss [68, 89] Plaintiff's Third Amended Complaint and on October 15, 2015, Defendants' Motion was granted. Plaintiff's TAC was dismissed without prejudice. On November 16, 2015, Plaintiff filed a 4AC. Defendants filed a Motion to Dismiss [114] Plaintiff's 4AC, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. For the reasons set forth below, the Motion is granted.

**BACKGROUND**

The following is taken from the 4AC, which is assumed to be true for purposes of a motion to dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). For a more detailed background of this case, see the Memorandum Opinion and Order dated

October 15, 2015. Nalco is the exclusive licensee of the '692 Patent, which claims a method to reduce mercury emission from flue gases evolved during the combustion of coal. The '692 Patent was issued by the United States Patent & Trademark Office ("USPTO") on October 26, 2004, and reexamined by the USPTO in April, 2014. Claim 1 of the '692 Patent is directed to: A method of treating coal combustion flue gas containing mercury, comprising:

> injecting a bromide compound that is a thermolabile molecular bromine precursor into said flue gas to effect oxidation of elemental mercury to a mercuric bromide and providing alkaline solid particles in said flue gas ahead of a particulate collection device, in order to absorb at least a portion of said mercuric bromide.

(*See*, e.g., 4AC Exh. A.)

The 4AC alleges that Defendants infringed the '692 Patent through their use, licensing, sale, and offer of a coal additive system known as "Chem-Mod Solution." Nalco alleges that Chem-Mod has directly infringed the '692 Patent under 35 U.S.C. § 271 (a) literally or under the doctrine of equivalents by using, selling, and/or offering to sell the Chem-Mod$^{TM}$ Solution and the additives MerSorb, and S-Sorb in the United States. Similar to the Third Amended Complaint ("TAC"), the 4AC asserts claims for direct infringement through Defendants' use of the Chem-Mod$^{TM}$ Solution and/or through their control and direction of entities that have used the Chem-Mod$^{TM}$ Solution. (4AC ¶ 22.) The 4AC also alleges that Defendants indirectly infringe the '692 Patent by actively inducing and contributing to the infringing use of the Chem-Mod$^{TM}$ Solution by others. (4AC ¶ 23.)

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists when the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). When ruling on a motion to dismiss, the court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in favor of the plaintiff. *Tamayo*, 526 F.3d at 1081.

A direct infringement claim that meets or exceeds Form 18 of the Federal Rules of Civil Procedure meets Rule 8's "short and plain statement" requirement. *In re Bill of Lading*, 681 F.3d 1323, 1332 (Fed. Cir. 2014). Form 18 requires:

> (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

*Bill of Lading*, 681 F.3d at 1334.

## ANALYSIS

### *Direct Infringement*

Defendants argue that Nalco has failed to state a claim for direct infringement because the Chem-Mod™ Solution is different from the method claimed in the '692 Patent. Defendants further argue that the 4AC fails to allege that any Defendants exercise direction and control over operators of coal-fired power plants or that they formed joint enterprises with operators of coal-

4

fired power plants. As in its responses to Defendants' previous motions to dismiss, Nalco argues that Defendants' arguments are a premature attempt at claim construction.

Nalco argues that the claims of the '692 Patent do not restrict whether the step of "injecting a bromide compound that is a thermolabile molecular bromine precursor into said [coal combustion] flue gas to effect oxidation of elemental mercury to a mercuric bromide" be performed by injecting only a thermolabile molecular bromine precursor, or injecting a thermolabile molecular bromine precursor in combination with other compounds. (FAC ¶ 19.) Nalco also argues that during operation of a coal combustion furnace, gases injected via coal injectors flow under pressure into areas where flue gas exists. Thus, the MerSorb additive component of the Chem-Mod Solution Mixture is "injected into . . . coal combustion flue gas." (FAC ¶ 31.) As stated in the Memorandum and Order dated October 15, 2015, the Chem-Mod Solution differs from the '692 Patent in both the location and method of application. Even accepting all well pled allegations as true, the 4AC fails to establish a claim for direct infringement by the use of the Chem-Mod Solution.

Nalco further argues that even if the claims required that the "injecting" occur at a particular time or location in a coal-fired plant or to require that the "injecting is limited to only a thermolabile molecular bromine precursor as opposed to a mixture of a thermolabile molecular bromine precursor mixed with other additives and/or coal, then the Chem-Mod Solution would nevertheless infringe the claims of the '692 Patent under the doctrine of equivalents. (FAC ¶ 33.) "A finding of infringement under the doctrine of equivalents requires a showing that the difference between the claimed invention and the accused product or method was insubstantial or that the accused product or method performs the substantially same function in substantially the

5

same way with substantially the same result as each claim limitation of the patented product or method." *AquaTex Indus. v. Techniche Solutions*, 479 F.3d 1320, 1326 (Fed. Cir. 2007). To find infringement under the doctrine of equivalents, the accused product must contain each limitation of the claim in the patented invention or its equivalent. *Warner-Jenkinson Co. v. Hilton Davis Chemical Co.,* 520 U.S. 17, 40 (1997). Nalco fails to provide support that all the steps or the equivalent claim limitations of the '692 Patent are performed. Particularly, the "injection" of the bromide into flue gas. The 4AC does not sufficiently allege that the method in the '692 Patent "performs the substantially same function in substantially the same way with substantially the same result" as the method of the Chem-Mod Solution.

Nalco again argues that Defendants attempt to improperly ask the Court to construe its patent claim at the pleadings stage, stating that, "the Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met." *Bill of Lading*, 681 F.3d at 1335. However as with Nalco's TAC, "where the facts of record at the pleading stage will so clearly and explicitly indicate that an 'undivided' claim of direct infringement cannot stand — in a manner that could not plausibly be challenged at a later claim construction hearing — that dismissal will be appropriate." *Pragmatus AV, LLC v. Yahoo! Inc.*, CIV.A. 11-902-LPS, 2012 WL 6044793, at *8 (D. Del. Nov. 13, 2012). Nalco fails to establish that the methods of the Chem-Mod Solution directly infringe on the method in the '692 Patent. Therefore, where there are no facts of direct infringement at the pleadings stage, dismissal is proper.

*Divided Infringement*

Even if Nalco could plead that the Chem-Mod Solution does infringe on the '692 Patent, Defendants argue that Nalco fails to allege that any Defendant is directly responsible for all of the method steps of the '692 Patent. "Direct infringement under § 271(a) occurs where all steps of a claimed method are performed by or attributable to a single entity." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015). "Where more than one actor is involved in practicing the steps, a court must determine whether the acts of one are attributable to the other such that a single entity is responsible for the infringement. We will hold an entity responsible for others' performance of method steps in two sets of circumstances: (1) where that entity directs or controls others' performance, and (2) where the actors form a joint enterprise." *Id.*

Directs or Controls

"Liability under § 271(a) can also be found when an alleged infringer conditions participation in an activity or receipt of a benefit upon performance of a step or steps of a patented method and establishes the manner or timing of that performance." *Id*. at 1023. Nalco's 4AC alleges that the Defendants direct and control coal-fired power plants by giving financial compensation for performing the Chem-Mod Solution. The compensation is either in the form of lease payments from the Refined Coal LLCs or a reduced price for the purchase of the Chem-Mod Solution Mixture in comparison to raw coal. The 4AC further alleges that Chem-Mod and the Refined Coal LLCs establish the manner and timing of the coal-fired power plant's performance. The basis for these allegations is again based on Defendants' qualification for Section 45 tax credits and the actions they take in order to qualify.

7

As stated in the Memorandum and Opinion dated October 15, 2015, "any argument that compliance with Section 45 of the tax code is evidence that Defendants direct and control the infringement of a patent is unpersuasive." An offer to sell coal at a reduced price does not adequately demonstrate control over coal plants. Similarly, instructing power plants on how to use the Chem-Mod Solution Mixture does not show any control over the plants' performance of any alleged infringing method steps. Nalco's claim that Chem-Mod maintains control over power plants is not plausibly supported by the factual allegations in the 4AC.

### Joint Enterprise

"A joint enterprise requires proof of four elements: (1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control." *Id*. Nalco's FAC fails to allege facts to support its claim that Defendants partner in a joint enterprise with the operators of coal-fired power plants. The existence of a contract between Refined Coal LLCs and several power plants for purchase of the Chem-Mod Solution Mixture is not sufficient support for the allegation of a joint enterprise. Similarly, there is no showing of equal right of control of this alleged joint enterprise. Nalco claims that the equal right of control rises out of the fact that the power plants can stop using the Chem-Mod Solution and Refined Coal LLCs can stop selling it. This is contradictory to Nalco's argument that Chem-Mod directs and controls the power plants. Therefore, Nalco's claim that Chem-Mod directs and controls the power plants is unsupported by the factual allegations of the 4AC.

*Indirect Infringement*

To prevail on an inducement claim, a "patentee must establish 'first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 697 (Fed. Cir. 2008). Nalco has not sufficiently pled a claim for direct infringement or intent to cause infringement.

"To establish contributory infringement, the patent owner must show the following elements relevant to this appeal: 1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing [*sic*] uses, and 4) that the component is a material part of the invention." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010). Again, as Nalco has not established a claim for direct infringement, it has failed to establish a claim for contributory infringement as well.

Nalco was provided several opportunities to re-plead its allegations but has failed to plead a plausible case of patent infringement. Thus, Nalco's Fourth Amended Complaint is dismissed.

**CONCLUSION**

For the reasons discussed above, Defendants' Motion to Dismiss [114] is granted. Nalco's Fourth Amended Complaint is dismissed with prejudice.

Date: _____April 20, 2016_____

JOHN W. DARRAH
United States District Court Judge