UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NALCO COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-cv-2510 |
| | ) | |
| CHEM-MOD, LLC; ARTHUR J. GALLAGHER & CO.; | ) | Judge John W. Darrah |
| GALLAGHER CLEAN ENERGY, LLC; | ) | |
| AJG COAL, INC.; AJG IOWA REFINED COAL LLC; | ) | |
| MANSFIELD REFINED COAL LLC; | ) | |
| COPE REFINED COAL LLC; | ) | |
| CROSS REFINED COAL LLC; | ) | |
| JEFFERIES REFINED COAL LLC; | ) | |
| JOPPA REFINED COAL LLC; | ) | |
| THOMAS HILL REFINED COAL LLC; | ) | |
| WAGNER COALTECH LLC; | ) | |
| WALTER SCOTT REFINED COAL LLC; | ) | |
| WINYAH REFINED COAL LLC; | ) | |
| BEDFORD MIX LLC; | ) | |
| BRANDON SHORES COALTECH LLC; | ) | |
| CANADYS REFINED COAL, LLC; | ) | |
| CORONADO REFINED COAL LLC; | ) | |
| FRM TRONA FUELS LLC; | ) | |
| FRM VIRGINIA FUELS LLC; | ) | |
| GEORGE NEAL NORTH REFINED COAL LLC; | ) | |
| GEORGE NEAL REFINED COAL LLC; | ) | |
| LOUISA REFINED COAL, LLC; | ) | |
| REFINED FUELS OF ILLINOIS, LLC; and | ) | |
| BELLE RIVER FUELS COMPANY, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On November 16, 2015, Plaintiff Nalco Company ("Nalco") filed a Fourth Amended

Complaint ("4AC") against Defendants Chem-Mod, LLC; Arthur J. Gallagher & Co.;

Gallagher Clean Energy, LLC; AJG Coal, Inc.; and 21 limited-liability companies named:

AJG Iowa Refined Coal LLC; Mansfield Refined Coal LLC; Cope Refined Coal LLC;

Cross Refined Coal LLC; Jefferies Refined Coal LLC; Joppa Refined Coal LLC; Thomas Hill Refined Coal LLC; Wagner Coaltech LLC; Walter Scott Refined Coal LLC; Winyah Refined Coal LLC; Bedford Mix LLC; Brandon Shores Coaltech LLC; Canadys Refined Coal, LLC; Coronado Refined Coal LLC; FRM Trona Fuels LLC; FRM Virginia Fuels LLC; George Neal North Refined Coal LLC; George Neal Refined Coal LLC; Louisa Refined Coal, LLC; Refined Fuels of Illinois, LLC; and Belle River Fuels Company, LLC (collectively, "Defendants"). The 4AC alleges patent infringement of United States Patent No. 6,808,692 (the "'692 Patent"), entitled "Enhanced Mercury Control in Coal-Fired Power Plants."

Defendants filed a Motion to Dismiss the 4AC, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim; and Defendants requested that the 4AC be dismissed with prejudice. On April 20, 2016, Defendants' Motion was granted, and the 4AC was dismissed with prejudice. On May 18, 2016, Nalco filed a Motion for Reconsideration [129] pursuant to Federal Rule of Civil Procedure 59(e). For the reasons set forth below, the Motion is denied.

## BACKGROUND

Over the course of this litigation, Defendants have moved three times to dismiss Nalco's pleadings.[1] On February 4, 2015, Defendants' Motion to Dismiss Nalco's First Amended Complaint was granted, and Nalco's First Amended Complaint was dismissed without prejudice.

---

[1] For a more detailed background of this case, see the Memorandum Opinion and Order dated February 4, 2015 (Dkt No. 60), and the Memorandum Opinion and Order dated October 15, 2015 (Dkt. No. 107).

On October 15, 2015, Defendants' Motions to Dismiss Nalco's Third Amended Complaint ("TAC") were granted. Nalco's TAC was dismissed without prejudice.

Defendants filed a Motion to Dismiss Nalco's 4AC pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim; and Defendants sought dismissal of the 4AC with prejudice, arguing that Nalco failed to state a claim for direct or indirect infringement because Defendants' Chem-Mod Solution is different from the method claimed in the '692 Patent. On April 20, 2016, Defendants' Motion to Dismiss Nalco's Fourth Amended Complaint was granted, and Nalco's 4AC was dismissed *with* prejudice.

On May 18, 2016, Nalco filed a Motion for Reconsideration [129] pursuant to Federal Rule of Civil Procedure 59(e). For the reasons set forth below, the Motion is denied.

## LEGAL STANDARD

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc*., 90 F.3d 1264, 1269 (7th Cir.1996) (internal citation omitted). Under Federal Rule of Civil Procedure 59(e), a motion to alter or amend a judgment is permissible when there is newly discovered evidence or there has been a manifest error of law or fact. *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006).

A manifest error of law is the "disregard, misapplication, or failure to recognize controlling precedent," and a manifest error of law is not demonstrated by the disappointment of the losing party. *Oto v. Metro. Life Ins.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan,* 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). To succeed on a Rule 59(e) motion, the movant must "clearly establish one of the aforementioned grounds for relief." *Harrington,* 433

3

F.3d at 546. "Reconsideration is not appropriate where a party seeks to raise arguments that could have been raised in the original briefing." *Wiegel v. Stork Craft Mfg., Inc.*, 891 F. Supp. 2d 941, 944 (N.D. Ill. 2012).

## ANALYSIS

Nalco's Motion for Reconsideration requests that the Court reconsider its judgment granting Defendants' Motion to Dismiss Nalco's 4AC under Rule 59(e). Nalco argues that the third ruling dismissing one of Nalco's amended pleadings, the 4AC, should be changed from a dismissal *with* prejudice to a dismissal *without* prejudice.

Nalco contends that in the briefing on the Motion to Dismiss the 4AC, Defendants did not demonstrate that it was "certain" that Nalco could not in the future make a pleading that stated a claim or that any amendment would be futile. Nalco argues that it should be allowed to re-plead because it could incorporate intrinsic and extrinsic evidence to a "proper" claim construction that would explain the relevant technology and provide a basis for concluding how a person of ordinary skill would understand Claim 1 of the '692 Patent. Thus, Nalco argues that any dismissal at this stage only should be *without* prejudice.

Defendants correctly point out that Nalco's Motion fails to cite to the standard for Rule 59(e), and Nalco makes no argument in the Motion that it has met the standard such that a Motion to Reconsider would be appropriate. Nalco eventually states in its Reply brief, at p. 7, that the basis of the Motion is that the Court made a manifest error of law in dismissing the 4AC with prejudice.

Nalco argues that the specification of the '692 Patent supports at least an argument that its claim construction is at least possible because Nalco could incorporate a plethora of intrinsic

4

and extrinsic evidence that has been in its possession, including expert and inventor testimony, into a future pleading.

Nalco appears to have used this Motion to assert allegations it could have alleged in one of its previously filed pleadings. Further, Nalco uses the Motion to advance arguments in support of its Response to Defendants' Motion to Dismiss – a dispositive motion that has already been granted. As noted in the Order (Dkt. No. 119 at p. 9), the Court accepted all of the allegations in the 4AC as true for purposes of considering the Defendants' Motion to Dismiss. After considering the parties' arguments in the briefing of the Defendants' Motion to Dismiss the 4AC, this Court found that dismissal with prejudice was appropriate because the facts of record at the pleading stage indicated that Nalco failed to establish that the methods of Defendants' Chem-Mod Solution infringed, directly or indirectly, on the method in the '692 Patent.

The 4AC did not sufficiently allege that the method in the '692 Patent "performs the substantially same function in substantially the same way with the substantially same result" as the method of the Chem-Mod Solution because Nalco failed to provide support that all the steps or the equivalent claim limitations of the '692 Patent are performed. The 4AC failed to establish an infringement claim because the Chem-Mod Solution differs from the '692 Patent in both the location and method of application. *See* Order at pp. 5-7 (citing *AquaTex Indus. v. Techniche Solutions*, 479 F.3d 1320, 1326 (7th Cir. 2007); *Warner-Jenkinson Co. v. Hilton Davis Chemical Co.*, 520 U.S. 17 (1997); *In re Bill of Lading*, 681 F.3d 1323 (Fed. Cir. 2014); *Pragmatus AV, LLC v. Yahoo! Inc.*, CIV.A. 11-902-LPS, 2012 WL 6044793, at *8 (D.Del.Nov. 13, 2012)). Therefore, dismissal was proper; and Nalco's argument that a "manifest

error of law" must be corrected because it is not "certain" that it could not plead an infringement claim is without merit.

Moreover, dismissal of the 4AC with prejudice was appropriate. Nalco failed to plead its patent infringement claims in the 4AC, despite having been provided several opportunities to re-plead its allegations. *See* Dkt. No. 60 (dismissing the Amended Complaint) and 107 (dismissing the Third Amended Complaint.) Because Nalco failed to plead an infringement claim, Defendants' Motion was granted, and the 4AC was dismissed with prejudice. *See Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663 (7th Cir. 2007) (affirming the district court's decision denying plaintiff leave to file a fourth amended complaint). Defendants' Motion to Dismiss specifically sought dismissal of the 4AC with prejudice; and thus, it was appropriate to dismiss the 4AC with prejudice. In addition, Nalco offers no explanation as to why so much evidence, which it claims has been in its possession, was not previously incorporated into one version of its prior pleadings.

Nalco has not met the standard of Rule 59(e) and has not shown a manifest error of law that requires a change in the dismissal of the 4AC. The Order took all of the allegations in the 4AC as true for purposes of ruling on Defendants' Motion to Dismiss the 4AC and found that Nalco failed to allege a claim of direct or indirect infringement. Accordingly, the Court finds that no "manifest error of law or fact" was committed in granting Defendants' Motion to Dismiss the 4AC, and Nalco is not entitled to relief under Rule 59(e).

## **CONCLUSION**

For the reasons discussed above, Plaintiff's Motion for Reconsideration [129] is denied.

Date: 9/14/16

JOHN W. DARRAH
United States District Court Judge